IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CORA DISNEY,                                3:16-CV-00424-BR

          Plaintiff,                        OPINION AND ORDER

v.

CAROLYN W. COLVIN,
Commissioner, Social Security
Administration,

          Defendant.


GEORGE J. WALL
1336 E. Burnside
Suite 130
Portland, OR 97214
(503) 236-0068

          Attorney for Plaintiff

BILLY J. WILLIAMS
Acting United States Attorney
JANICE E. HEBERT
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1003


1 - OPINION AND ORDER

**DAVID MORADO**
Regional Chief Counsel
**LISA GOLDOFTAS**
Special Assistant United States Attorney
Social Security Administration
701 Fifth Avenue, Suite 2900
Seattle, WA 98104
(206) 615-3858

       Attorneys for Defendant


**BROWN, Judge.**

       Plaintiff Cora Disney seeks judicial review of a final decision of the Commissioner of the Social Security Administration (SSA) in which she denied Plaintiff's application for Supplemental Security Income (SSI) under Title XVI of the Social Security Act.  This Court has jurisdiction to review the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

       For the reasons that follow, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter.


## ADMINISTRATIVE HISTORY

       Plaintiff filed an application for SSI on October 16, 2007, and alleged a disability onset date of July 1, 1984.  Tr. 21.[1] Her application was denied initially and on reconsideration.  An Administrative Law Judge (ALJ) held a hearing on May 5, 2010. Tr. 57.  At the hearing Plaintiff and a vocational expert (VE)

---

     [1] Citations to the official transcript of record filed by the Commissioner on July 12, 2016, are referred to as "Tr."

2 - OPINION AND ORDER

testified.  Plaintiff was represented by an attorney.

On August 5, 2010, the ALJ issued an opinion in which he found Plaintiff was not disabled and, therefore, was not entitled to benefits.  Tr. 57-71.  At some point that decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review.  Tr. 21.  *See Sims v. Apfel*, 530 U.S. 103, 106-07 (2000).

Plaintiff filed a second application for SSI on July 23, 2011, and alleged a disability onset date of July 1, 1984. Tr. 86.  Her application was denied initially and on reconsideration.  An ALJ held a hearing on August 6, 2014. Tr. 37-53.  At the hearing Plaintiff and a VE testified. Plaintiff was represented by an attorney.

On September 11, 2014, the ALJ issued an opinion in which he found Plaintiff was not disabled and, therefore, was not entitled to benefits.  Tr. 21-31.  On January 20, 2016, that decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review.  Tr. 1-7.

At some point Plaintiff filed a third application for SSI. The SSA approved Plaintiff's third application finding her disabled from March 10, 2016, forward.  Accordingly, in this action Plaintiff challenges the Commissioner's finding that she was not disabled for the closed period of May 31, 2013, through the date of the second ALJ's decision on September 11, 2014.

3 - OPINION AND ORDER

**BACKGROUND**

Plaintiff was born on May 31, 1963, and was 50 years old at the time of the 2014 hearing. Tr. 86. Plaintiff has an eighth-grade education. Tr. 41. She does not have any past relevant work experience. Tr. 30.

Plaintiff alleges disability due to post-traumatic stress disorder (PTSD), a back injury, "mental health issues," and multiple personalities. Tr. 86.

Except when noted, Plaintiff does not challenge the ALJ's summary of the medical evidence. After carefully reviewing the medical records, this Court adopts the ALJ's summary of the medical evidence. *See* Tr. 24-25, 27-29.

**STANDARDS**

The initial burden of proof rests on the claimant to establish disability. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). To meet this burden, a claimant must demonstrate her inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The ALJ must develop the record when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence. *McLeod v. Astrue*, 640 F.3d

881, 885 (9th Cir. 2011)(quoting *Mayes v. Massanari,* 276 F.3d
453, 459-60 (9th Cir. 2001)).

The district court must affirm the Commissioner's decision
if it is based on proper legal standards and the findings are
supported by substantial evidence in the record as a whole.  42
U.S.C. § 405(g).  *See also Brewes v. Comm'r of Soc. Sec. Admin.,*
682 F.3d 1157, 1161 (9th Cir. 2012).  Substantial evidence is
"relevant evidence that a reasonable mind might accept as
adequate to support a conclusion." *Molina*, 674 F.3d. at 1110-11
(quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690
(9th Cir. 2009)).  It is more than a mere scintilla [of evidence]
but less than a preponderance. *Id.* (citing *Valentine*, 574 F.3d
at 690).

The ALJ is responsible for determining credibility,
resolving conflicts in the medical evidence, and resolving
ambiguities. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir.
2009).  The court must weigh all of the evidence whether it
supports or detracts from the Commissioner's decision. *Ryan v.
Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008).  Even
when the evidence is susceptible to more than one rational
interpretation, the court must uphold the Commissioner's findings
if they are supported by inferences reasonably drawn from the
record. *Ludwig v. Astrue*, 681 F.3d 1047, 1051 (9th Cir. 2012).
The court may not substitute its judgment for that of the

5 - OPINION AND ORDER

Commissioner.  *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir. 2006).

## DISABILITY ANALYSIS

### I.   The Regulatory Sequential Evaluation

The Commissioner has developed a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Act.  *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007).  *See also* 20 C.F.R. § 416.920.  Each step is potentially dispositive.

At Step One the claimant is not disabled if the Commissioner determines the claimant is engaged in substantial gainful activity.  20 C.F.R. § 416.920(b).  *See also Keyser v. Comm'r of Soc. Sec.*, 648 F.3d 721, 724 (9th Cir. 2011).

At Step Two the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairment or combination of impairments.  20 C.F.R. § 416.920(c).  *See also Keyser*, 648 F.3d at 724.

At Step Three the claimant is disabled if the Commissioner determines the claimant's impairments meet or equal one of a number of listed impairments that the Commissioner acknowledges are so severe they preclude substantial gainful activity.  20 C.F.R. § 416.920(a)(4)(iii).  *See also Keyser*, 648 F.3d at 724. The criteria for the listed impairments, known as Listings, are

enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, she must assess the claimant's Residual Functional Capacity (RFC). The claimant's RFC is an assessment of the sustained, work-related physical and mental activities the claimant can still do on a regular and continuing basis despite her limitations. 20 C.F.R. § 416.945(a). *See also* Social Security Ruling (SSR) 96-8p. "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent schedule." SSR 96-8p, at *1. In other words, the Social Security Act does not require complete incapacity to be disabled. *Taylor v. Comm'r of Soc. Sec. Admin.,* 659 F.3d 1228, 1234-35 (9th Cir. 2011)(citing *Fair v. Bowen,* 885 F.2d 597, 603 (9th Cir. 1989)).

At Step Four the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform work she has done in the past. 20 C.F.R. § 416.920(a)(4)(iv). *See also Keyser*, 648 F.3d at 724.

If the Commissioner reaches Step Five, she must determine whether the claimant is able to do any other work that exists in the national economy. 20 C.F.R. § 416.920(a)(4)(v). *See also Keyser*, 648 F.3d at 724. Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can perform. *Lockwood v.*

*Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010).
The Commissioner may satisfy this burden through the testimony of
a VE or by reference to the Medical-Vocational Guidelines set
forth in the regulations at 20 C.F.R. part 404, subpart P,
appendix 2.  If the Commissioner meets this burden, the claimant
is not disabled.  20 C.F.R. § 416.920(g)(1).


## ALJ'S FINDINGS

At Step One the ALJ found Plaintiff has not engaged in
substantial gainful activity since her July 23, 2012, application
date.  Tr. 24.

At Step Two the ALJ found Plaintiff has the severe
impairments of dysthymic disorder; borderline intellectual
functioning; alcohol, methamphetamine, and heroin dependence in
remission; degenerative disc disease of the spine; and
degenerative joint disease of the knee.  Tr. 24.

At Step Three the ALJ concluded Plaintiff's impairments do
not meet or equal the criteria for any Listed Impairment from 20
C.F.R. part 404, subpart P, appendix 1.  The ALJ found Plaintiff
has the RFC to perform light work "except she can stand and/or
walk for four hours in an eight-hour day." Tr. 26.  The ALJ
found Plaintiff can occasionally balance, stoop, kneel, crouch,
crawl, climb ladders and stairs, and have contact with the
public.  The ALJ found Plaintiff cannot climb ladders, ropes, or

scaffolds.  The ALJ also found Plaintiff "can perform simple, entry-level work and cannot perform work that requires written instructions or written reports."  Tr. 26.

At Step Four the ALJ concluded Plaintiff does not have any past relevant work.  Tr. 30.

At Step Five the ALJ found Plaintiff can perform jobs that exist in significant numbers in the national economy.  Tr. 30. Accordingly, the ALJ found Plaintiff is not disabled.


### DISCUSSION

Plaintiff contends the ALJ erred when he (1) failed to find at Step Two that Plaintiff's obesity is a severe impairment, (2) failed to find at Step Two that Plaintiff's reading limitation is a severe impairment, and (3) partially rejected Plaintiff's Adult Function Report.  Plaintiff also contends the Appeals Council erred when it concluded the opinion of treating physician, Peter Hatcher, M.D., did not provide a basis to review the ALJ's decision.

I.   **The ALJ did not err at Step Two**

At Step Two the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairment or combination of impairments.  *Stout*, 454 F.3d at 1052.  *See also* 20 C.F.R. §§ 404.1509, 404.1520(a)(4)(ii).  A severe impairment "significantly limits" a claimant's "physical

or mental ability to do basic work activities." 20 C.F.R.
§ 404.1521(a). *See also Ukolov*, 420 F.3d at 1003. The ability
to do basic work activities is defined as "the abilities and
aptitudes necessary to do most jobs." 20 C.F.R. §§ 404.1521(a),
(b). Plaintiff has the burden at Step Two to establish the
existence of a severe impairment and to show any error is
harmful.

The Ninth Circuit has held when the ALJ has resolved Step
Two in a claimant's favor, any error in designating specific
impairments as severe at Step Two does not prejudice a claimant
if the ALJ considered the impairments when formulating his
assessment of Plaintiff's RFC. *Burch v. Barnhart*, 400 F.3d 676,
682 (9th Cir. 2005)(any error in omitting an impairment from the
severe impairments identified at Step Two was harmless when Step
Two was resolved in claimant's favor).

**A.   Obesity**

Plaintiff asserts the ALJ erred at Step Two when he
failed to find Plaintiff's obesity is a severe impairment.

Plaintiff notes she has gained weight since the ALJ's
decision in 2010. In August 2014 Plaintiff's knee surgeon noted
Plaintiff is morbidly obese with a body mass index of 45.37.
Tr. 598. The ALJ specifically considered Plaintiff's obesity and
noted the record did not indicate it was a severe impairment. In
addition, the record contains few references to Plaintiff's

obesity and does not include any opinion by a medical
professional that Plaintiff's obesity caused significant
limitations in her ability to work.

The Court, therefore, concludes on this record that the
ALJ did not err when he failed to find at Step Two that
Plaintiff's obesity is a severe impairment.

### B.    Reading Limitation

Plaintiff also alleges the ALJ erred at Step Two when
he failed to find her reading limitation is a severe impairment.
Plaintiff, however, does not point to any objective evidence in
the record to support her assertion that she has a reading
limitation that significantly limitation her ability to work.  In
addition, the record does not contain any opinion by a medical or
nonmedical treating source that Plaintiff suffers from a severe
reading limitation.  Moreover, Plaintiff testified at the 2014
hearing that she is able to read a newspaper, that she completed
eighth grade, and that she is able to read a grade level.  Tr.
42.

The Court, therefore, concludes on this record that the
ALJ did not err when he failed to find at Step Two that
Plaintiff's reading limitation is a severe impairment.

## II.  The ALJ did not err when he partially rejected Plaintiff's Adult Function Report.

Plaintiff alleges the ALJ erred by failing to provide clear
and convincing reasons for partially rejecting Plaintiff's

11 - OPINION AND ORDER

September 9, 2012, Adult Function Report.

In *Cotton v. Bowen* the Ninth Circuit established two requirements for a claimant to present credible symptom testimony:  The claimant must produce objective medical evidence of an impairment or impairments, and she must show the impairment or combination of impairments could reasonably be expected to produce some degree of symptom.  *Cotton*, 799 F.2d 1403 (9th Cir. 1986), *aff'd in Bunnell v. Sullivan*, 947 F.2d 341 (9th Cir. 1991).  The claimant, however, need not produce objective medical evidence of the actual symptoms or their severity.  *Smolen*, 80 F.3d at 1284.

If the claimant satisfies the above test and there is not any affirmative evidence of malingering, the ALJ can reject the claimant's pain testimony only if he provides clear and convincing reasons for doing so.  *Parra v. Astrue,* 481 F.3d 742, 750 (9th Cir. 2007)(citing *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)).  General assertions that the claimant's testimony is not credible are insufficient.  *Id.*  The ALJ must identify "what testimony is not credible and what evidence undermines the claimant's complaints."  *Id.* (quoting *Lester*, 81 F.3d at 834).

In her Adult Function Report Plaintiff stated her daily routine includes making her bed, making meals, cleaning, and looking for work.  Tr. 206.  Plaintiff indicated she does not have any problems with self-care but she "stays home more often

due to medical condition." Tr. 205. Plaintiff noted she is able
to wash dishes, clean, and vacuum, but doing those things takes
her all day and she can no longer walk for a mile or "stand for
hours." Tr. 206-7. Plaintiff stated she is able to use public
transportation, to pay bills, to count change, and to use checks
or money orders. Tr. 208. Plaintiff indicated she "can't read,
walk, [or] stand" since she began suffering from her impairments.
Plaintiff stated her conditions affect her ability to complete
tasks, to concentrate, to understand, and to remember things.
Tr. 210. Plaintiff stated she can walk a block before needing to
stop and rest for five-to-ten minutes, her ability to concentrate
"depends on topic of environment," and she can sometimes follow
spoken instructions. Tr. 210.

The ALJ found Plaintiff's "medically determinable
impairments could reasonably be expected to cause some symptoms,"
but Plaintiff's "statements concerning the intensity, persistence
and limiting effects of [her] symptoms are not entirely
credible." Tr. 27. The ALJ noted the record documented a
history of Plaintiff's complaints about pain with "minimal
objective findings." Tr. 27. For example, Plaintiff's back
surgeries occurred approximately 20 years before the ALJ's 2014
decision. Plaintiff was placed on a chronic pain-management
regimen, was weaned off narcotics in April 2011, and was
prescribed amitriptyline in August 2011. Tr. 307. Plaintiff,

however, did not receive any treatment for her back pain after she filed her application for SSI in July 2012.  Tr. 28.  The ALJ also noted Plaintiff reported to urgent care in July 2014 with left knee pain after a slip and fall.  The ALJ noted Plaintiff was scheduled to have left-knee surgery on August 11, 2014, and her doctor reported the typical recovery time was six-to-eight weeks.  The ALJ noted the evidence relating to Plaintiff's alleged mental-health impairments is "scant," and Plaintiff testified she has not received mental-health treatment since 2012.  The record also reflects normal mental-status examination findings during the relevant period.  Tr. 522.

The ALJ found Plaintiff's activities of daily living suggest greater functioning than Plaintiff alleges.  As noted, Plaintiff reports she is able to perform all of her personal care herself, to make simple meals, to do household chores, to use public transportation, to shop, and to attend Alcoholics Anonymous meetings.  In addition, although Plaintiff stated in her Adult Function Report that she cannot read, she testified at the hearing that she completed eighth grade, reads at grade level, and can read the newspaper.

On this record the Court finds the ALJ provided clear and convincing reasons supported by substantial evidence in the record for finding Plaintiff's Adult Function Report was only partially credible.  The Court, therefore, concludes the ALJ did

not err when he partially rejected Plaintiff's statement.

**III.  The Appeals Council did not err when it concluded
Dr. Hatcher's opinion did not provide a basis to review the
ALJ's decision.**

On May 19, 2015, almost nine months after the hearing and

eight months after the ALJ issued his opinion, Dr. Hatcher wrote

a letter in which he noted he has been Plaintiff's primary care

physician since November 2014.  Dr. Hatcher stated it was his

medical opinion that Plaintiff

> will not be able to ambulate effectively within
> the next 12 months due [to] her diagnosis of
> severe osteoarthritis of the knee.  Despite
> partial knee replacement surgery on each knee in
> the last 12 months, [Plaintiff's] recovery has
> been poor, her balance and mobility are severely
> compromised and her rehabilitation prospects are
> poor.  Because of ongoing and severe pain in her
> knee . . . [Plaintiff] is bound to a wheelchair
> and reliant on caregivers to get around.
>
> [Plaintiff's] high level of pain and fatigue
> inhibits her ability to focus or function at a
> normal level.  Her knee arthritis, rotator cuff
> tear and her marked psychiatric difficulties as
> well prevent her from being able to work at this
> time.  [Plaintiff] is unable to lift more than 5
> pounds, and can only lift 5 pounds occasionally.
> [Plaintiff] is unable to push her wheelchair on
> her own or complete physically demanding tasks.

Pl.'s Brief, Ex. 1 at 2.

Plaintiff submitted Dr. Hatcher's letter to the Appeals

Council in June 2015.

On January 20, 2016, the Appeals Council denied Plaintiff's

request for review of the ALJ's decision.  In its denial the

Appeals Council noted it had reviewed Dr. Hatcher's letter but

15 - OPINION AND ORDER

concluded it did "not affect [the ALJ's] decision about whether
you were disabled beginning on or before September 11, 2014,
because the information in the letter "was about a later time."
Tr. 2.

> The Ninth Circuit has held
>
>> when a claimant submits evidence for the first
>> time to the Appeals Council, which considers the
>> evidence in denying review of the ALJ's decision,
>> the new evidence is part of the administrative
>> record, which the district court must consider in
>> determining whether the Commissioner's decision is
>> supported by substantial evidence.

*Brewes,* 682 F.3d at 1159-60.

Plaintiff asserts Dr. Hatcher's May 2015 opinion establishes
the Commissioner's decision was not based on substantial evidence
in the record.  Defendant, on the other hand, contends
Dr. Hatcher's opinion does not establish that Plaintiff suffered
a severe medically determinable impairment lasting for at least
12 months during the relevant period, and, therefore,
Dr. Hatcher's opinion fails to establish that the Commissioner's
decision was not supported by substantial evidence in the record.

Defendant asserts Dr. Hatcher's opinion was not
retrospective, and he did not address the relevant period ending
September 11, 2014.  Defendant points out that Dr. Hatcher's May
2015 letter specifically discusses Plaintiff's ability "to
ambulate effectively within the *next* 12 months."  Emphasis added.
Similarly, Dr. Hatcher opined Plaintiff is "unable to work at

16 - OPINION AND ORDER

this time" *(i.e.,* May 2015).   In addition, Dr. Hatcher's opinions
and evaluation in the letter are all written in the present tense
and, therefore, reference Plaintiff's restrictions as of May
2015.  Although Dr. Hatcher notes he is "familiar with our care
of [Plaintiff] since 2010 when she established care at the
Multnomah County Health Department," Dr. Hatcher was not
Plaintiff's treating physician until November 2014, which is
after the relevant period.

As noted, the initial burden of proof rests on the claimant
to establish disability.  *Molina,* 674 F.3d at 1110.  To meet this
burden, Plaintiff must demonstrate her inability "to engage in
any substantial gainful activity by reason of any medically
determinable physical or mental impairment which . . . has lasted
or can be expected to last for a continuous period of not less
than 12 months."  42 U.S.C. § 423(d)(1)(A).  The Court concludes
Dr. Hatcher's May 2015 opinion does not establish Plaintiff
suffered a severe medically determinable impairment lasting for
at least 12 months during the relevant period.  The Court,
therefore, concludes the newly-submitted evidence fails to
establish that the Commissioner's decision was not supported by
substantial evidence in the record.


## CONCLUSION

For these reasons, the Court **AFFIRMS** the decision of the

17 - OPINION AND ORDER

Commissioner and **DISMISSES** this matter.

IT IS SO ORDERED.

DATED this 10th day of February, 2017.


ANNA J. BROWN
United States District Judge

18 – OPINION AND ORDER